UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

_____
                                                     )
In re:                                               )
                                                     )        Chapter 11
SENATE ACCEPTANCE CORPORATION                        )        Case No: 13-30244 PM
SENATE INSURANCE AGENCY, INC.                        )        *Substantively Consolidated*
                                                     )
              Debtors.                               )
_____)
JANET M. NESSE, CHAPTER 11 TRUSTEE                   )
6411 Ivy Lane, Suite 200                             )
Greenbelt, MD 20770                                  )
                                                     )
              Plaintiff,                             )
                                                     )
              v.                                     )
                                                     )
HOWARD M. SAPERSTEIN                                 )
6553 Landings Court                                  )        Adversary Proceeding No._____
Boca Raton, FL  33496-2728                           )
                                                     )
LYNNE SAPERSTEIN                                     )
6553 Landings Court                                  )
Boca Raton, FL  33496-2728                           )
                                                     )
HOWARD M. SAPERSTEIN, PA, PSP                        )
6553 Landings Court                                  )
Boca Raton, FL  33496-2728                           )
                                                     )
HOWARD M. SAPERSTEIN, PA                             )
6553 Landings Court                                  )
Boca Raton, FL 33496-2728                            )
                                                     )
_____Defendants._____)

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS
AND TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

TO THE HONORABLE DAVID RICE, BANKRUPTCY JUDGE:

COMES NOW Janet M. Nesse ("Trustee"), the duly appointed and qualified Chapter 11

Trustee of the bankruptcy estate of Senate Acceptance Corporation, case no. 13-30244, and

Responsible Officer for Debtor Related Companies, pursuant to the Consent Order Resolving

Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g)

entered in the case of Geary B. Katz, case no. 14-10356 [Docket No. 23], by and through her

undersigned attorneys, McNamee Hosea, et. al, and states her Complaint to Avoid and Recover

Preferential Transfers and to Avoid and Recover Fraudulent Transfers as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, 1334

and 11 U.S.C. §§ 547, 548, and 550.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (H).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

4.      Plaintiff Trustee is the duly appointed Chapter 11 trustee of the bankruptcy estate

of Senate Acceptance Corporation ("SAC") and is also the Responsible Officer for the Debtor

Related Companies[1], pursuant to the Consent Order Resolving Emergency Motion for

Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g) entered in the case of Geary

B. Katz, case no. 14-10356.

5.      Defendants Howard Saperstein, Lynne Saperstein, Howard M. Saperstein, PA,

PSP and Howard M. Saperstein PA assert claims as creditors in this case.

6.      Howard Saperstein is the sole owner of Howard M. Saperstein P.A. and upon

information and belief is the sole beneficiary of Howard M. Saperstein P.A. PSP.

---

[1] The "Debtor Related Companies" are Senate Insurance Agency, Inc., Laurel Insurance Corporation, Congress Acceptance Corporation, Presidential Acceptance Corporation, Congress Motor Club, Inc. and Middleview Holdings, LLC.

2

7.    This Adversary Proceeding arises from the substantively consolidated Chapter 11 Bankruptcy Proceedings of SAC and Senate Insurance Agency, Inc. ("SIA"), case no. 13-30244 (Lead) and case no. 14-11743, which are currently pending in this Court.

## STATEMENT OF FACTS

8.    The case of SAC commenced December 2, 2013 when CMS Family IV LLC, Charles Steiner, Nioma Cohen Trust f/b/o Ronna Cohen, Sheldon Monsein Living Trust, Judith Monsein Living Trust, and Lauren Miller filed an involuntary petition against SAC for bankruptcy relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

9.    On December 8, 2013, SAC filed a Motion to Convert Case from Chapter 7 to 11, which the Court granted an Order entered on December 12, 2013.

10.    On December 23, 2013, the Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Court approved the United States Trustee's appointment of Janet M. Nesse as Chapter 11 Trustee in the SAC case ("Trustee" and/or "Ms. Nesse").

11.    The case of Geary B. Katz ("Katz") commenced January 8, 2014 when the Doug Monsein Family Trust, Sheldon Monsein Living Trust, and Sol Odick filed an involuntary petition against Katz for bankruptcy relief under Chapter 7 of Title 11 of the Bankruptcy Code.

12.    On January 21, 2014, Katz filed a Motion to Convert Case from Chapter 7 to 11, which this Court granted in an Order entered on January 23, 2014.

13.    On April 14, 2014, the Katz case was converted back to Chapter 7.

14.    Janet Nesse is also the Responsible Officer for the Debtor Related Companies, pursuant to the Consent Order Resolving Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g) entered in the case of Geary B. Katz, case no. 14-10356.

15.    On February 5, 2014, Ms. Nesse filed a voluntary Chapter 11 petition on behalf of SIA as the responsible officer pursuant to the Consent Order.

16.    On March 28, 2014, the Court entered an Order Granting Motion Seeking Substantive Consolidation of the SAC and SIA cases.

17.    Within the three (3) year period preceding the filing of the bankruptcy petitions for SAC and SIA (collectively, the "Debtors"), the Debtors and one or more of the Debtor Related Companies (collectively the "Transferors") transferred funds to the Defendants ("MUFCA Fraudulent Transfers").

18.    Within the two (2) year period preceding the filing of the SAC bankruptcy petition, the Transferors transferred funds to the Defendants ("Fraudulent Transfers").

19.    Within one year preceding the filing of SAC's bankruptcy petition, the Transferors transferred funds to Defendants ("Preferential Transfers").

20.    Defendants Saperstein and Saperstein PA referred investors to SAC and, upon information and belief, received payments on account of those referrals.

21.    Defendant Saperstein referred the Debtors and Geary Katz, the principal of the Debtors, to different lenders to obtain funds for operations and personal use.

22.    Upon information and belief, the Transferors received less than a reasonably equivalent value in exchange for the MUFCA Fraudulent Transfers, Fraudulent Transfers and Preferential Transfers.

## COUNT I – PREFERENTIAL TRANSFERS – 11 U.S.C. § 547

23.    The Trustee realleges and incorporates Paragraphs 1 through 22 as if set forth in full herein.

4

24.     The Defendants received funds during the one year period prior to the filing as set out in Exhibit A.

25.     The Preferential Transfers constitute transfers of the Debtors' interest in property.

26.     The Preferential Transfers were to or for the benefit of the Defendants, who are insiders.

27.     The Preferential Transfers may have been made for or on account of an antecedent debt owed from the Debtors to the Defendants before such transfers were made.

28.     The Preferential Transfers were made when the Debtors were insolvent.

29.     The Preferential Transfers were made from December 3, 2012 through December 2, 2013, which is within one year before the date of the filing of the SAC petition.

30.     The Preferential Transfers enabled the Defendants to receive more than they would have received if  (a) the case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendants received only such distribution from the Chapter 7 estate as to which they entitled under the Bankruptcy Code.

31.     The Preferential Transfers constitute voidable preferences pursuant to 11 U.S.C. § 547 and the Defendants are liable to the Debtors' Chapter 11 estate for the return of the Preferential Transfers pursuant to 11 U.S.C. §§ 547 and 550.

WHEREFORE Plaintiff, Janet M. Nesse, Chapter 11 Trustee and Responsible Officer of the Debtor Related Companies respectfully requests that this Court enter Judgment in favor of the Trustee and against Defendants as follows as to Count – I:

a.     avoiding the Preferential Transfers;

b.     ordering  the Defendants  to pay to the Trustee any and all money received as a result of the Preferential Transfers.

5

c.      awarding Trustee prejudgment interest, costs and legal fees; and

d.      granting such other relief as this court deems just and equitable.

## COUNT II – FRAUDULENT TRANSFERS – 11 U.S.C. § 548(a)(1)(A)

32.    The Trustee realleges and incorporates Paragraphs 1 through 31 as if set forth in full herein.

33.    The Fraudulent Transfers constitute transfers of the Debtors' interest in property.

34.    The Fraudulent Transfers were made by SAC from December 3, 2011 through December 2, 2013, which is within two years before the date of the filing of the SAC petition.

35.    The Fraudulent Transfers were made by SIA from December 3, 2011 through December 2, 2013 which is within two years before the date of the filing of the SAC petition.

36.    The Fraudulent Transfers were made by one or more of the Debtor Related Companies from December 3, 2011 through December 2, 2013, which is within two years before the date of the filing of the SAC petition.

37.    Upon information and belief, the Fraudulent Transfers were made by the Debtors and one or more of the Debtor Related Companies with the actual intent to hinder, delay, or defraud creditors.

38.    Upon information and belief, the Fraudulent Transfers were made by the Debtors and one or more of the Debtor Related Companies because of the personal relationship between the Defendants, Geary Katz, and the Debtors.

39.    Howard M. Saperstein, P.A. PSP received a principal repayment of $175,000.00 during this period.

40.    Howard and Lynne Saperstein received a principal repayment of $25,000.00 during this period.

41.     Howard M. Saperstein PA received fees in the amount of $330,933.00 during this period.

42.     The Fraudulent Transfers constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and the Defendants are liable to the Debtors' Chapter 11 estate and or to the Debtor Related Companies for the return of the Fraudulent Transfers pursuant to 11 U.S.C. §§ 548 and 550.

WHEREFORE Plaintiff, Janet M. Nesse, Chapter 11 Trustee and Responsible Officer of the Debtor Related Companes, respectfully requests that this Court enter Judgment in favor of the Trustee and against Defendants as follows as to Count – II:

a.      avoiding the Fraudulent Transfers;

b.      ordering the Defendants to pay to the Trustee any and all money received pursuant to the Fraudulent Transfers, which totals at least $530,000.00;

c.      awarding Trustee prejudgment interest, costs and legal fees; and

d.      granting such other relief as this court deems just and equitable.

## COUNT III – FRAUDULENT TRANSFERS – 11 U.S.C. § 548 (a)(1)(B)

43.     The Trustee realleges and incorporates paragraphs 1 through 42 as if set forth in full herein.

44.     The Fraudulent Transfers constitute transfers of the Debtors' interest in property.

45.      Saperstein PA received fees in an amount of no less than $330,933.00 which are believed to be for referrals but in any event were not for professional services performed for the Debtors.

46.    The Fraudulent Transfers were made by the Debtors from December 3, 2011 through December 2, 2013, which is within two years before the date of the filing of the SAC petition.

47.    The Fraudulent Transfers were made by one or more of the Debtor Related Companies from December 13, 2011 through December 12, 2013, which is within two years before the date of the filing of the SAC petition.

48.    Upon information and belief, the Debtors received less than a reasonably equivalent value in exchange for such Fraudulent Transfers.

49.    Upon information and belief, the Fraudulent Transfers were made when the Debtors were insolvent.

50.    Upon information and belief, the Fraudulent Transfers were made by the Debtors and one or more of the Debtor Related Companies because of the Debtors' and Katz's personal relationship with the Defendants and because Howard Saperstein was a source of referrals.

51.    The Fraudulent Transfers constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and the Defendants are liable to the Debtors' Chapter 11 estate for the return of the Fraudulent Transfers pursuant to 11 U.S.C. §§ 548 and 550.

WHEREFORE Plaintiff, Janet M. Nesse, Chapter 11 Trustee and Responsible Officer of the Debtor Related Companies, respectfully requests that this Court enter Judgment in favor of the Trustee and against Defendants as follows as to Count – III:

a.    avoiding the Fraudulent Transfers;

b.    ordering Defendants to pay to the Plaintiff any and all money received pursuant to the Fraudulent Transfers.

c.    awarding Trustee prejudgment interest, costs and legal fees; and

8

      d.      granting such other relief as this court deems just and equitable.

**COUNT IV – FRAUDULENT TRANSFERS**
**MD UNIFORM FRAUDULENT CONVEYANCE ACT,**
**<u>MD CODE ANN., COM. LAW §§ 15-201 et seq.</u>**

52.      The Trustee realleges and incorporates paragraphs 1 through 51 as if set forth in full herein.

53.      The MUFCA Fraudulent Transfers constitute transfers of the Debtors' and Debtor Related Companies' interest in property.

54.      The MUFCA Fraudulent Transfers were made by SAC and the Debtor Related Companies within three years before the date of the filing of the SAC petition, which was December 2, 2013.

55.      The MUFCA Fraudulent Transfers were made by one or more of the Debtor Related Companies within three years before the date of the filing of the SAC petition, which was December 2, 2013.

56.      To the extent that Defendants received any payments from any of the other Debtor Related Companies within the three years before the date of the filing of the SAC petition, such payments are also avoidable as fraudulent transfers.

57.      Upon information and belief, the Debtors and Debtor Related Companies were or would be rendered insolvent by the MUFCA Fraudulent Transfers.

58.      Upon information and belief, the MUFCA Fraudulent Transfers were made without fair consideration.

59.      Upon information and belief, the Debtors and Debtor Related Companies were engaged or were about to engage in a business or transaction for which the remaining property after the MUFCA Fraudulent Transfers was an unreasonably small capital.

9

60.     Upon information and belief, the Debtors and Debtor Related Companies intended or believed that they would incur debts beyond their ability to pay as they matured.

61.     Upon information and belief, the MUFCA Fraudulent Transfers were made with actual intent to hinder, delay, or defraud present or future creditors.

62.     Upon information and belief, the Fraudulent Transfers were made by the Debtors and one or more of the Debtor Related Companies because of the special relationship between the Defendants on the one hand, and Katz and the Debtors on the other.

63.     The MUFCA Fraudulent Transfers constitute avoidable fraudulent transfers pursuant to Md. Code Ann., Com. Law §§ 15-204, 15-205, 15-206, and 15-207 of the Maryland Uniform Fraudulent Conveyance Act ("MUFCA"), and the Defendants are liable to the Debtors' Chapter 11 estate and to the Debtor Related Companies for the return of the MUFCA Fraudulent Transfers pursuant to Md. Code Ann., Com. Law § 15-209.

WHEREFORE Plaintiff, Janet M. Nesse, Chapter 11 Trustee and Responsible Officer of the Debtor Related Companies respectfully requests that this Court enter Judgment in favor of the Trustee and against Defendants as follows as to Count – IV:

a.      avoiding the MUFCA Fraudulent Transfers;

b.      ordering the Defendants to pay to the Trustee any and all money received pursuant to the MUFCA Fraudulent Transfers, which cover any and all conveyances made by the Debtors and one or more of the Debtor Related Companies within the three year period prior to the filing of the SAC petition;

c.      awarding Trustee prejudgment interest, costs and legal fees; and

d.      granting such other relief as this court deems just and equitable.

Dated: December 10,  2015              Respectfully submitted,

                          /s/ Janet M. Nesse
                          Janet M. Nesse, No. 07804
                          McNamee Hosea, et al
                          6411 Ivy Lane Suite 200
                          Greenbelt MD 20770
                          301.441.2420
                          jnesse@mhlawyers.com

                          *Counsel for Plaintiff*